In the Matter of Agostino
CARLUCCI, Debtor.

WILLIAM J. COONEY, P.C., Flanagan
& Neely, P.C. and Richard E.
Allen, Plaintiffs,

v.

The UNITED STATES of
America, Defendant.

Bankruptcy No. 183–00390.
Adv. No. 184–0041.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Feb. 20, 1985.

J. Patrick Claiborne, Augusta, Ga., for plaintiffs.

Edmund A. Booth, Jr., Asst. U.S. Atty., Augusta, Ga., for U.S.

ORDER ON MOTION TO DISMISS

HERMAN W. COOLIDGE, Bankruptcy Judge.

The Plaintiffs claim a security interest in real property owned by a Chapter 7 Debtor. They have asked this Court to determine the priority of their security interest relative to a tax lien asserted by the Internal Revenue Service ("IRS").

The IRS filed a Motion to Dismiss Plaintiff's complaint for failure to state a claim. The parties have entered into a stipulation of facts and consequently, the Court will treat the IRS Motion as one for summary judgment pursuant to F.R.C.P. 12(b) and Bankruptcy Rule 7012.

## FINDINGS OF FACT

On July 12, 1982, the Secretary of the Treasury, acting through his authorized delegates, made jeopardy assessments and termination assessments against Chapter 7 Debtor, Agostino Carlucci. Notice of jeopardy and termination assessments and demand for payment was made on July 12, 1982. On the same date, notices of Federal tax liens were filed in Richmond County and Columbia County, Georgia, and in Aiken County, Bamberg County and Edgefield County, South Carolina, each in the amount of $608,036.03.

On August 6, 1982, the Debtor sought administrative review of the assessments. On September 5, 1982, the Debtor filed a petition for review of the assessments with the United States District Court for the Southern District of Georgia.

On December 11, 1982, the Debtor executed a note and debt deed in the amount of $100,000.00 in favor of the Plaintiffs. The note was given as security for payment of attorneys fees, incurred and to be incurred. The debt deed related to real property in Richmond County, Georgia.

The IRS voluntarily reduced its assessments to $387,182.80. By Order dated February 17, 1983, Judge Dudley H. Bowen, Jr., determined that the assessments were reasonable.

The IRS filed additional notices of tax liens in Richmond County, Georgia, for unpaid withholding taxes. Those notices were filed as follows:

September 22, 1982 ....... $8,078.08
February 17, 1983 ........ $3,700.22
March 8, 1983 ............ $6,748.90

The Debtor subsequently petitioned the United States Tax Court to reconsider his tax liability. That litigation has been settled and establishes the Debtor's income tax liability for 1980, 1981 and 1982 to total $302,585.00 excluding accrued interest.

## CONCLUSIONS OF LAW

The only issue raised by the Plaintiffs' Complaint and the Government's Motion to Dismiss is the relative priority of the Plaintiffs' debt deed and the IRS tax lien. The issue is simply resolved by reference to the plain language of the Internal Revenue Code.

26 U.S.C. § 6321 provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

26 U.S.C. § 6322 provides:

"Unless another date is specifically fixed by law, the lien imposed by Section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time."

The parties have stipulated that the IRS made demand and assessment on July 12, 1982. A lien on all of the Debtor's property arose at that time in favor of the IRS.

■ The priority of the IRS lien is determined by reference to 26 U.S.C. § 6323. See *Sgro v. United States*, 609 F.2d 1259 (7th Cir., 1979).

"Notwithstanding the attachment of a tax lien upon assessment, this subsection [IRC 6323(a)] provides that ... holders of security interests ... will prevail if their interest attaches before the Government filed appropriate notice." *Id.* p. 1261.

Notice of a tax lien on real estate is "appropriate" if the notice is filed in the land records in the county where the real property is located. 26 U.S.C. § 6323(f). The parties have stipulated that the subject real property is located in Richmond County, Georgia, and that a notice of the IRS tax lien was appropriately filed in Richmond County. The notice was filed on July 12, 1982. The Plaintiffs' debt deed was not executed until December 11, 1982. There-

fore, the federal tax lien is superior to the Plaintiffs' debt deed. See *Ultach Lumber Co. v. Hall Plastering, Inc.*, 477 F.Supp. 1060 (W.D.Mo., 1979).

The Plaintiffs argue that because the IRS lien arose from a jeopardy assessment, it was "inchoate" until the District Court determined that the assessment was proper. The Plaintiffs' position is not supported by caselaw or by a common sense reading of the Internal Revenue Code.

■ The IRS is authorized to make a jeopardy assessment of a taxpayer when it concludes that the collection of a tax is in jeopardy. 26 U.S.C. § 6331(a). A federal tax lien arises immediately upon assessment to prevent the taxpayer from hiding or dissipating his assets before a court has the chance to determine the taxpayer's liability. To mitigate the hardship of this summary procedure, the taxpayer may post a bond in lieu of paying the tax prior to judicial determination of liability. The taxpayer may initiate an administrative review procedure and/or may seek judicial review of the assessment. As in this case, the review process may extend over months or years. The jeopardy assessment procedure would be meaningless if the tax lien arising from a jeopardy assessment remained "inchoate" until judicial review was completed.

■ The Plaintiffs also claim that their lien is an attorney's lien, and therefore takes priority over the federal tax lien. The Court concludes that while the consideration for their debt deed may have been legal services, the debt deed is not an "attorney's lien". In any event, attorney's liens are given priority over federal tax liens in only one limited circumstance. Section 6323(b)(8) of the Internal Revenue Code provides that where the attorney's effort creates a fund, through judgment, settlement or otherwise, and the attorney's lien attaches to that fund under state law, the attorney's lien is superior to the federal tax lien to the extent of the reasonable value of the attorney's services. The Plaintiffs' activities on behalf of Agostino Carlucci did not create the real estate in which the Plaintiffs claim a security interest. Even if the Plaintiffs were entitled to an attorney's lien, it would not be superior to the federal tax lien.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the tax lien of the United States against real property of Agostino Carlucci located in Richmond County, Georgia, is superior to the security interest of the Plaintiffs to the extent of all federal taxes assessed against Carlucci prior to December 11, 1982, and all interest and penalties arising from those assessments.